RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JUN 27  A 10: 48

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Walter Ricky Bellamy,** # 211954, | C/A No. 2:06-1641-HFF-RSC |
| Petitioner, | |
| vs. | Report and Recommendation |
| Henry McMaster, Attorney General of South Carolina, | |
| Respondent. | |

## Introduction

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently confined at Evans Correctional Institution, serving sentences for burglary entered by the Court of General Sessions of Horry County. This is the second § 2254 petition he has filed in this Court; however, his first petition was dismissed on procedural grounds: (1) that it improperly challenged two, separate convictions and (2) that Petitioner had not exhausted his state court remedies. The substantive merits of his challenges were not considered. *See* Bellamy v. South Carolina, Civil Action No. 2:04-1009-HFF. Accordingly, this Petition, which challenges only one of his convictions and sentences (a 15-year sentence for burglary in the first degree

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

entered on May 25, 1994 in Case no. 94-GS-26-641) is not successive. See In re Williams, 444 F.3d 233 (4th Cir. 2006). Furthermore, it appears that Petitioner has now exhausted his state court remedies with respect to this particular conviction and sentence since he claims that he filed, at some undisclosed date, an Application for Post Conviction Relief (PCR) in Horry County, which was apparently denied/dismissed on January 19, 2005. Petition, at 7 (Petitioner cites to Case no. "03-GS-26-1504" but this is probably an incorrect case citation since PCR's are not heard in Courts of General Sessions (GS), but rather in Courts of Common Pleas (CP)). He further asserts that the decision of the PCR court was appealed to the South Carolina Supreme Court and that he received an "unavailable" decision on his appeal on March 14, 2006. Petition, at 7.

The only ground for relief raised by Petitioner in the § 2254 Petition filed in this case is "subject matter jurisdiction." Petition, at 6. In the space on the petition form provided for the petitioner to "state the specific facts that support [his] claim," Petitioner wrote: "The indictment fact [sic] to state an essential element of the crime." In the space provided for the petitioner to state his/her request for relief from this Court, Petitioner wrote: "vacate and set aside sentence." Petition, at 15. Liberally construing these *pro se* statements, it appears that Petitioner is claiming that his conviction and sentence should be vacated by this Court because the state court was without subject matter jurisdiction to try and sentence him for burglary in the first degree because the indictment under which he was charged failed to allege

some undisclosed element of the crime of burglary in the first degree. There are no other grounds for relief whatsoever stated anywhere on the Petition.

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller

3

v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Analysis

This case is subject to summary dismissal because Petitioner does not raise any ground for habeas relief in the Petition that is cognizable under 28 U.S.C. § 2254. It is well settled that claims arising from state law are not cognizable grounds for habeas corpus relief under 28 U.S.C. § 2254. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(" 'federal habeas corpus relief does not lie for errors of state law' . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")(citations omitted); Chance v. Garrison, 537 F.2d 1212 (4th Cir. 1976); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). The Fourth Circuit Court of Appeals has clearly held that the issue of the state court's jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-58 (4th Cir. 1998). Therefore, since the sole ground for relief stated in the Petition filed in this case is that the state court did not have proper "subject matter jurisdiction" to convict Petitioner of burglary in the first degree, the undersigned recommends that the Petition in this case dismissed.

4

## Recommendation

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

June 26, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
